United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50322
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO ROCHA-TORRES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1663-ALL-DB
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Eduardo Rocha-Torres appeals from his jury-verdict conviction for importation of marijuana. Rocha was arrested after the vehicle he drove from Mexico into the United States was found to contain a large amount of marijuana in a hidden compartment.

Rocha argues on appeal that the evidence was insufficient to prove the knowledge element of the crime of conviction. Looking at the evidence in the light most favorable to the verdict, we discern many factors indicating that Rocha was aware that the

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vehicle he was driving contained illegal drugs, including the fact that he provided conflicting statements to the authorities regarding the details of his trip and the ownership of the vehicle, he was paid three times his daily salary for the time involved in making the trip, and the vehicle contained 80 pounds of marijuana valued at $40,000 to $80,000. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998). Rocha's challenge to the sufficiency of the evidence supporting the knowledge element for the crime of conviction fails because the evidence produced at trial was sufficient to support the jury's verdict on that basis.

Rocha also challenges his conviction on the grounds that the district court refused to give two of his requested jury instructions. One of the requested instructions contained language intended to balance the deliberate-ignorance instruction and the other instructed that, to prove knowledge, it was insufficient for the Government to show merely that Rocha knew that he was involved in something illegal. Because the instructions requested by Rocha were substantially covered by the charge as a whole, the district court did not reversibly err by abusing its discretion in refusing to give these requested instructions. See United States v. Pankhurst, 118 F.3d 345, 350 (5th Cir. 1997); United States v. Correa-Ventura, 6 F.3d 1070, 1076 (5th Cir. 1993); United States v. Stouffer, 986 F.2d 916, 925 n.9 (5th Cir. 1993).

Accordingly, the district court's judgment is AFFIRMED.